(October 1, 1917.)

EVANS STATE BANK, a Corporation, Respondent, v. MARGARET SKEEN, LAFAYETTE SKEEN et al., Appellants.

[167 Pac. 1165.]

APPEAL AND ERROR—NONAPPEALABLE ORDERS—DISMISSAL.

> Neither an order appointing a receiver of mortgaged personal property, an order denying and overruling a motion to vacate and set aside the receivership, nor an order authorizing and directing the sale of the property, is a final judgment, but such orders are interlocutory and are not reviewable upon direct appeal therefrom.

APPEAL from the District Court of the Fifth Judicial District, for Power County. Hon. J. J. Guheen, Judge.

Appeal from an order appointing a receiver, an order denying and overruling a motion to vacate and set aside the receivership and an order authorizing and directing the sale of property held thereunder. *Dismissed.*

Maurice M. Myers, for Appellants.

Said orders are final orders or decisions and are not appealable to this court by direct appeal. (*Chemung Mining Co. v. Hanley,* 11 Ida. 302, 81 Pac. 619.)

Isaac E. McDougall and McDougall & Jones, for Respondent.

MORGAN, J.—This case comes before the court upon appeal from an order appointing a receiver of mortgaged personal property, an order denying and overruling a motion to vacate and set aside the receivership and an order authorizing and directing the sale of the property. Respondent has moved for a dismissal upon the ground, among others, that the orders are not final, but interlocutory, and that neither of them is reviewable upon direct appeal therefrom. Any additional facts necessary to an understanding of what will be said in disposing of this motion are to be found in *Skeen v. District Court,* 29 Ida. 331, 158 Pac. 1072.

The right to appeal, in this state, is conferred by legislative authority, and if it exists it must be found in the constitution or statutes. It has been contended that all orders and decisions of district courts are made appealable by sec. 9, art. 5, of the constitution, wherein it is provided that the supreme court shall have jurisdiction to review, upon appeal, any decision of the district courts, or the judges thereof, but this section must be read and considered together with sec. 13 of the same article, directing that the legislature shall provide a proper system of appeals.

In the discharge of the duty imposed upon it by sec. 13, art. 5, of the constitution, above mentioned, the legislature, in sec. 4800, Rev. Codes, has provided: "A judgment or order, in a civil action, except when expressly made final, may be reviewed as prescribed in this Code, and not otherwise." Sec. 4807, Rev. Codes, as amended by chap. 111, Sess. Laws 1911, p. 367, and by chap. 80, Sess. Laws 1915, p. 193, designates the judgments and orders of district courts from which appeals may be taken to this court and they are: A final judgment in an action or special proceeding commenced in the court in which the same is rendered; a judgment rendered on appeal from an inferior court; a judgment

rendered on an appeal from an order, decision or action of a board of county commissioners; an order granting or refusing to grant a new trial; an order granting or dissolving an injunction; an order refusing to grant or dissolve an injunction; an order dissolving or refusing to dissolve an attachment; an order granting or refusing to grant a change of place of trial; any special order made after final judgment; and an interlocutory judgment in actions for partition of real property. While other legislative enactments provide for appeals from the district courts to this court in certain cases, none of them apply to the question here under consideration.

A final judgment has been defined to be one which disposes of the subject matter of the controversy or determines the litigation between the parties on its merits. A judgment, order or decree which is intermediate or incomplete and, while it settles some of the rights of the parties, leaves something remaining to be done in the adjudication of their substantial rights in the case by the court entertaining jurisdiction of the same, is interlocutory. (3 C. J. 441.) Applying these definitions to the orders here attempted to be appealed from, it will be seen at once that they are interlocutory and not final. An examination of sec. 4807, Rev. Codes, as amended, discloses that no appeal has been provided for from an order appointing a receiver, from an order denying and overruling a motion to vacate a receivership or from an order authorizing and directing the sale of property held thereunder. We conclude, therefore, that these orders are not appealable and that the motion to dismiss must be sustained.

Counsel for appellant relies upon an observation made by this court in the case of *Chemung Mining Co. v. Hanley,* 11 Ida. 302, 81 Pac. 619, as follows: "Under the provisions of section 9, article 5, of our constitution, this court has jurisdiction to review, upon appeal, any decision of the district court or the judges thereof. An order granting or refusing a motion for the appointment of a receiver is a decision, and such decision is appealable; therefore the order of the district court. denying the appointment of a receiver in this

case is an appealable order." The foregoing quotation is misleading and, if capable only of the construction which its language, read and unexplained, seems to justify we would not hesitate to expressly overrule it. But this court in *Utah Assn. of Credit Men v. Budge,* 16 Ida. 751, 102 Pac. 390, 691, after quoting the statement from *Chemung Mining Co. v. Hanley,* above recited, said: "That holding seems to have been construed by some to mean that an appeal may be taken directly from any order or decision that a district court can make. This is entirely erroneous. The constitution does not so provide. It authorizes and empowers this court to review upon appeal any decision that a district court may make, but it does not give a direct appeal from every order and decision a trial court makes. If that view prevailed, there would be no such thing as reaching a final judgment in a trial court in a contested case in any reasonable length of time. If causes were tied up from time to time until an appeal could be taken from every order and decision made by the court in the course of a trial, there would be no end to a case. The constitution does not mean any such thing. It does mean, however, that when an appeal is taken from an appealable order or judgment, that this court has the jurisdiction and authority to review any and all orders and decisions made by the trial court to which the party has duly excepted and preserved his objection and exception in the manner and form provided by law." (See, also, *Mahoney v. Elliott,* 8 Ida. 356, 69 Pac. 108; *Maple v. Williams,* 15 Ida. 642, 98 Pac. 848; *Weiser Irr. District v. Middle Valley etc. Ditch Co.,* 28 Ida. 548, 155 Pac. 484.)

In *Keane v. Kibble,* 28 Ida. 274, 154 Pac. 972, a case very much like the one here under consideration, this court inadvertently entertained an appeal from an order appointing a receiver and from an order denying a motion to set aside the appointment. In that case no motion to dismiss was made nor was the right to appeal from the orders in any manner questioned, and the point here decided escaped the attention of the court. Had a motion been made to dismiss

the appeal upon the ground that the orders were not appealable, it would have been sustained.

The appeal is dismissed.   Costs are awarded to respondent.

Budge, C. J., and Rice, J., concur.