(October 29, 1923.)

GENERAL MOTORS ACCEPTANCE CORPORATION, a Corporation, Respondent, v. GEORGE W. TALBOTT, Appellant; W. O. JOHNSON, Doing Business Under the Name of CHANGNON & COMPANY, Defendant.

[219 Pac. 1058.]

APPEAL AND ERROR—CONTRACT IN RESTRAINT OF LEGAL PROCEEDINGS— VALIDITY—MOTION TO DISMISS.

Held, that a clause in a promissory note waiving all rights of appeal is void, in violation of C. S., sec. 5670, and is contrary to public policy.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. O. R. Baum, Judge.

Motion to dismiss appeal. *Motion denied.*

H. J. Swanson, for Respondent.

An agreement to waive all rights of appeal is held to prevent the appellate court from hearing such cause. (2 Page on the Law of Contracts, sec. 720, p. 1239; 3 C. J. 660, Appeal and Error, sec. 533; *Curry v. Bacharach Quality Shops*, 271 Pa. 236, 114 Atl. 818, 117 Atl. 435; *Boyd v. Crary*, 35 Ind. 363; *Miller v. Macklet*, 13 Ind. 217; 20 Ency. Pl. & Pr. 636, 637; 2 Ency. Pl. & Pr. 173; *Boyles v. Chytraus*, 175 Ill. 370, 51 N. E. 563.)

Arthur W. Holden and Solon Orr, for Appellant.

The provision in the note, waiving the right of appeal, and releasing errors, is void, under C. S., sec. 5670. (*Douville v. Pacific Casualty Co.*, 25 Ida. 396, Ann. Cas. 1917A, 112, 138 Pac. 506; *Gaffney v. Royal Neighbors of America*, 31 Ida. 549, 174 Pac. 1014; *Huber v. St. Joseph's Hospital*, 11 Ida. 631, 83 Pac. 768.)

BUDGE, C. J.—This is an action upon a promissory note given in pursuance of a conditional sale contract by the ap-

pellant, against whom judgment was rendered in the court below. Respondent moves to dismiss the appeal upon the ground that the maker of the note has in writing waived all right of appeal and released all errors.

The clause referred to appears in the note as follows: "and I hereby agree to waive all benefits of valuation, appraisement and exemption laws, and all rights of appeal, and to release all errors."

C. S., sec. 5670 is as follows:

"Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract by the usual proceedings in the ordinary tribunals, or which limits the time within which he may thus enforce his rights, is void."

The stipulation in the contract in question comes within the inhibition of this section, is against public policy and is therefore void. The effect of such a stipulation is to oust the courts of their jurisdiction and to restrict the parties from enforcing their rights under the contract by the usual legal proceedings in the ordinary legal tribunals. There is some conflict of authority upon this subject in the reported cases but we do not think, in view of the foregoing statute, that the question is open to discussion in this state. In fact, we are of the opinion that this court has held that appellant's right of appeal cannot thus be foreclosed. (*Douville v. Pacific Coast Casualty Co.*, 25 Ida. 396, Ann. Cas. 1917A, 112, 138 Pac. 506; *Gaffney v. Royal Neighbors of America*, 31 Ida. 549, 174 Pac. 1014; *Huber v. St. Joseph's Hospital*, 11 Ida. 631, 83 Pac. 768.)

The motion to dismiss the appeal is hereby denied.

McCarthy, Dunn, William A. Lee and Wm. E. Lee, JJ., concur.