328 P.2d 581

STATE of Idaho, ex rel. STATE BOARD OF MEDICINE of the State of Idaho, S. M. Poindexter; Chairman, Plaintiff-Appellant,

v.

David SMITH, Defendant-Respondent.

No. 8607.

Supreme Court of Idaho.

July 16, 1958.

Graydon W. Smith, Atty. Gen., Edward J. Aschenbrener, Asst. Atty. Gen., Elbert E. Gass, Asst. Atty. Gen., for appellant.

E. G. Elliott, Boise, for respondent.

TAYLOR, Justice.

The plaintiff (appellant) brought this appeal from the order of the district court sustaining defendant's demurrer which is as follows:

"It is Ordered that said demurrer be sustained, and it is hereby sustained, without leave to plaintiff to amend its said second amended complaint."

Where such an order is made without leave to amend, it contemplates a final judgment of dismissal. It is an intermediate order reviewable upon appeal from the final judgment, § 13–219, I.C., and is not an appealable order. § 13–201, I.C.; La Salle Extension University v. District Court, 52 Idaho 559, 16 P.2d 1064. The appeal, therefore, must be dismissed.

Defendant (respondent) has not moved to dismiss the appeal nor otherwise raised the issue. However, since the question is jurisdictional (in a procedural sense) it is one which we must act upon whenever and however it comes to our attention. Despite dicta to that effect in some of our earlier decisions, the right of appeal *to the supreme court* is not purely statutory. Art. 5, § 9, of the constitution, in part provides: "The Supreme Court shall have jurisdiction to review, upon appeal, any decision of the district courts, or the judges thereof, * * *." That section is the source of the jurisdiction of

the supreme court. The jurisdiction thus conferred cannot be denied or diminished by any act of the legislature. Art. 5, § 13, Const.

Section 13 of Article 5, in part provides: "* * * but the legislature shall provide a proper system of appeals, * * *." By the provisions of Chapter 2, Title 13, I.C., the legislature has provided, pursuant to the mandate of the constitution, a proper system of appeals from the district courts to the supreme court.

Where no direct appeal from an intermediate decision is provided by the legislature, such decision is reviewable only upon appeal from the final judgment. The failure of the legislature to provide for a direct appeal from such a decision, is not a denial of, or limitation upon, the jurisdiction of the supreme court to review such decision upon appeal. It is a recognition by the legislature of a truism inherent in a proper system of appeals; namely, to permit an appeal from all intermediate orders and decisions of the district courts would result in such vexatious and intolerable confusion and delay as to render impossible an orderly and expeditious administration of justice by the courts of the state. Evans State Bank v. Skeen, 30 Idaho 703, 167 P. 1165.

Therefore, the limitations upon the right of appeal, contained in § 13–201, I.C., are binding upon all litigants, and a proper limitation, not upon the appellate jurisdiction of the supreme court, but, upon the procedural manner and method of bringing the decision complained of before the supreme court for review.

The appeal herein is dismissed.

Costs to respondent. § 54–1809, I.C.

KEETON, C. J., SMITH and McQUADE, JJ., and BAKER, D. J., concur.