494 P.2d 566

**Betty L. WILSON, Plaintiff-Respondent,**

v.

**Ronald Thomas DeBOARD, Defendant-Appellant.**

**No. 10978.**

Supreme Court of Idaho.

March 2, 1972.

Thomas Y. Gwilliam, Nampa, and Gary Radke, Caldwell, for defendant-appellant.

Brauner, Fuller & Doolittle, Caldwell, for plaintiff-respondent.

PER CURIAM:

This case presents for question only the validity of an appeal by defendant from the denial of his motion for summary judgment.

Plaintiff filed a complaint and defendant answered, alleging that a portion of the statute under which the action was brought violated certain provisions of the Idaho Constitution. Defendant moved for summary judgment, which motion was denied by the trial court. Upon plaintiff's motion, the portion of defendant's answer relating to the alleged unconstitutionality of the statute was stricken. Defendant now seeks to appeal from that denial of his motion for summary judgment. Plaintiff moved to dismiss the appeal as not being from an appealable order. We agree with the contentions of the plaintiff and the appeal will be dismissed.

Article 5, Section 9 of the Constitution of the State of Idaho provides in pertinent part:

"The Supreme Court shall have jurisdiction to review, upon appeal, any decision of the district courts, or the judges thereof * * *."

Article 5, Section 13 of our Constitution provides in pertinent part:

"The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a coordinate department of the government; *but the legislature shall provide a proper system of appeals * * *.*" (Emphasis supplied)

Pursuant to the constitutional provisions authorizing such action, the Idaho legislature has enacted I.C. § 1–204:

"Its appellate jurisdiction extends to a review of all cases removed to it under such regulations as are now or may be prescribed by law, *from the final decisions* of the district courts, or the judges thereof." (Emphasis supplied)

I.C. § 13–201 explicitly sets forth those orders and judgments from which an appeal may be taken to this court, and an appeal from a denial of motion for summary judgment is not therein authorized.

In State ex rel. State Bd. of Medicine v. Smith, 80 Idaho 267, 269, 328 P.2d 581, 582 (1958), the court stated:

"Where no direct appeal from an intermediate decision is provided by the legislature, such decision is reviewable only upon appeal from the final judgment. * * * It is a recognition by the legislature of a truism inherent in a proper system of appeals; namely, to permit an appeal from all intermediate orders and decisions of the district courts would result in such vexatious and intolerable confusion and delay as to render impossible an orderly and expeditious administration of justice by the courts of the state."

It is clear that the appeal attempted to be taken herein is not authorized by the legislature, which, in turn, is constitutionally authorized to prescribe a system of appeals in this state. The motion of the plaintiff is granted and the appeal by the defendant is dismissed.

Costs to plaintiff.