503 P.2d 305

Pete ONEIDA and Dolly Oneida, husband and wife, and Benita Oneida, a widow, as Individuals and Stockholders of Oneida's Inc., an Idaho corporation, Plaintiffs-Appellants,

v.

Ben ONEIDA and Joe Oneida, as Individuals, Officers and Stockholders of Oneida's Inc., et al., Defendants-Respondents.

No. 10990.

Supreme Court of Idaho.

Nov. 28, 1972.

Webb, Pike, Burton & Carlson, Twin Falls, for appellant.

Becker & Swenson, Gooding, for appellee.

DONALDSON, Justice.

The plaintiffs-appellants and the defendants-respondents are shareholders of Oneida's, Inc., a closely held Idaho corporation. This action was filed after certain disagreements arose between the plaintiff shareholders and the defendant shareholders. The pleadings were superseded by a written pre-trial stipulation wherein the parties agreed, *inter alia*, that the following issues remained to be determined by the district court:

"(a) Whether it is economically and otherwise reasonably feasible to physical-

ly divide the assets of the defendant corporation presently in existence in a fashion which will leave two economically viable commercial sheep raising operations.

(b) Assuming the economic feasibility of a physical division of the assets of the defendant corporation, just how that physical division shall be achieved and what assets shall go to which of the parties.

(c) If physical division of the assets of the defendant corporation shall not be economically feasible, whether it shall be feasible for either of the parties to purchase the interest of the other parties.

(d) If it is not economically feasible to physically divide the assets of the defendant corporation and neither party is able to purchase the interest of the other, how a sale and division of the proceeds of sale of the assets of the defendant corporation may be best achieved." Cl. Tr., p. 14.

On December 16, 1970, a hearing was held on the first issue (a) listed above— that is, on the economic feasibility of a partition in kind of the Oneida properties. At the commencement of this proceeding, the following colloquy took place:

THE COURT: "Let's take it for granted you put on testimony as to divisibility today and I rule one way or the other, is this an appealable order or will you stipulate you will move into the next part of the case?"

MR. WEBB (Attorney for plaintiffs-appellants): "I would consent that this is not an appealable order."

MR. BECKER (Attorney for defendants-respondents): "Yes, I would so stipulate."

THE COURT: "I think you might drag out the case these men want to resolve."

MR. WEBB: "Right."

THE COURT: "Let the record show it is so agreed." R.T. pp. 4-5.

In a letter dated January 1, 1971, the district court stated its opinion that "the Oneida properties, upon the evidence presented, are not subject to an economic division." On January 7, 1971, an order was entered and filed to the effect that "it is not economically feasible to divide the assets between the shareholders of the defendant, Oneida's Inc."

In spite of the above stipulation made orally at the hearing, the appellants then (on March 8, 1971) filed their notice of appeal, contending that the court erred in determining that a physical division of the Oneida properties was not economically feasible. The appellants request that this determination be reversed and that the cause be remanded with directions to proceed with physical partition of the property, in a manner consistent with the parties pre-trial stipulation.

▮▮▮ Relying upon the above-quoted oral stipulation, the respondents contend that the appellants waived their right to appeal the district court's order.[1] As the

---

1. A stipulation to waive the right of appeal, if found in a contract, is contrary to I.C. § 29-110, which provides:

"Every stipulation or condition *in a contract*, by which any party thereto is restricted from enforcing his rights *under the contract* by the usual proceedings in the ordinary tribunals, or which limits the time within which he may thus enforce his rights, is void." Emphasis added.

*See* General Motors Acceptance Corp. v. Talbott, 38 Idaho 13, 219 P. 1058 (1923). In this case, we do not have to determine the validity of a stipulation *made in open court* to waive the right to appeal.

In the case of a stipulation made at trial, however, the governing policy considerations may be different from those behind the statutory prohibition against contractual waivers. *See, e. g.,* Mellwin Const. Co. v. Zelinger, 128 Colo. 1, 259 P.2d 612, 613-614 (1953), wherein the following language appears:

" 'A stipulation made in a trial court prior to judgment by both parties to the litigation to waive the right of review by an appellate court is valid and enforceable. It should be given effect as a matter of public policy to discourage continued and unwarranted litigation.

appellants correctly point out, however, an objection based upon such a stipulation should be raised by a motion to dismiss the appeal. Southern Indiana Power Co. v. Cook, 182 Ind. 505, 107 N.E. 12 (1914); Speeth v. Fields, 71 N.E.2d 149 (Ohio App. 1946) (per curiam); 4 Am.Jur.2d, Appeal and Error § 240 (1962); *see* Phelps v. Blome, 150 Neb. 547, 35 N.W.2d 93 (1948); *cf*. 4 Am.Jur.2d, Appeal and Error § 241 (1962). Raising such an objection at the earliest stage of appellate proceedings may spare the appellant further useless expenditures (for, e. g., an appeal bond, transcripts, and additional attorneys' fees).[2] Having failed to move to dismiss the appeal, the respondents are in no position to rely, in their appellate brief, upon the alleged waiver of the right to appeal.

■ Despite the absence of a motion to dismiss, this Court may, on its own motion, dismiss an appeal from an unappealable

intermediate order or decision. State ex rel. State Board of Medicine v. Smith, 80 Idaho 267, 328 P.2d 581 (1958); Coeur d'Alene Turf Club, Inc. v. Cogswell, 93 Idaho 324, 331, 461 P.2d 107 (1969) (McQuade, J., dissenting).

■ In their brief, the respondents contend that the district court's order is an unappealable intermediate order rather than an appealable "final judgment" or "an interlocutory judgment in an action for partition of real property," from which an appeal is allowed by I.C. § 13–201.[3] The appellants, characterizing the district court's order as one entered in an action involving the partition of real property, suggest that I.C. § 13–201 renders the order appealable. We agree with the respondents that the order is an intermediate decision and not appealable.

■ As indicated by the pre-trial stipulation, several issues were to be determined

---

Sound ethics and morals demand that the stipulation be enforced.'

\*     \*     \*     \*     \*

This agreement to waive the right of appeal was not a one-sided agreement. Both parties so stipulated and the agreement is binding upon each of them. No question is here presented that the trial court was without jurisdiction.

We conclude that where as in the instant case the parties stipulate to waive any appeal 'past the decision' of the trial judge, if the trial court has jurisdiction of the parties and the subject matter, the parties will be bound by their stipulation and we will not review its decision."

2. The filing of a motion to dismiss will not, however, always spare the appellant such detriment. An appellate court may deny such a motion but nevertheless dismiss the appeal after briefing and argument. *See, e. g.*, C. H. Horman Co. v. Lloyd, 28 Utah 2d 112, 499 P.2d 124, 125–126 (1972).

3. "13–201. *Judgments and orders appealable—Time for taking appeals.*—An appeal may be taken to the Supreme Court from a district court.

1. From a final judgment in an action or special proceeding commenced in a district court; from a judgment rendered on an appeal from an inferior court; from a judgment rendered on an appeal from

an order, decision or action of a board of county commissioners; within sixty days after the entry of such judgment; Provided, however, that the running of the time for appeal is terminated by a timely motion for a new trial; a timely motion for a judgment notwithstanding the verdict, following a timely motion for a directed verdict; a timely motion to amend or make additional findings of fact, whether or not alteration of the judgment is required if the motion is granted, or a timely motion to alter or amend the judgment, and the full time for appeal fixed by this act commences to run and is to be computed from the entry of any order granting or denying any of the above motions.

2. From an order granting or refusing a new trial; from an order granting or denying a motion for a judgment notwithstanding the verdict; from an order granting or dissolving an injunction; from an order refusing to grant or dissolve an injunction; from an order dissolving or refusing to dissolve an attachment; from an order granting or refusing to grant a change of place of trial; from any special order made after final judgment; and from an interlocutory judgment in an action for partition of real property; within sixty days after the order or interlocutory judgment is made and entered on the minutes of the court, or filed with the clerk."

by the district court; from this stipulation, it is apparent that the court's decision on the economic feasibility of partitioning the assets of Oneida, Inc., is an intermediate decision. Therefore, even if the district court's order is equated to a "judgment," it is not a final judgment. Nor is it an interlocutory judgment in an action for partition of *real property.* The appellants were seeking to partition the assets—both real *and personal*—of the corporation known as Oneida, Inc. This is not an action "for partition of real property" within the meaning of I.C. § 13–201. If any label may be applied, this is an action to dissolve and partition *the assets of a corporation.* While the legislature has provided for a direct appeal from an interlocutory judgment in an action for partition of real property, it has not provided, for a direct appeal from an intermediate decision in an action for partition of corporate assets. I.C. § 13–201. The district court's order is an intermediate order reviewable only upon appeal from the final judgment. Perkins v. City of Pocatello, 92 Idaho 636, 448 P.2d 250 (1968); I.C. § 13–219. As the Court stated in State ex rel. State Board of Medicine, *supra:*

> "The failure of the legislature to provide for a direct appeal from such a decision * * * is a recognition by the legislature of a truism inherent in a proper system of appeals; namely, to permit an appeal from all intermediate orders and decisions of the district courts would result in such vexatious and intolerable confusion and delay as to render impossible an orderly and expeditious administration of justice by the courts of the state. Evans State Bank v. Skeen, 30 Idaho 703, 167 P. 1165.

> Therefore, the limitations upon the right of appeal, contained in § 13–201, I. C., are binding upon all litigants, and a proper limitation, not upon the appellate jurisdiction of the supreme court, but, upon the procedural manner and method of bringing the decision complained of before the supreme court for review."

80 Idaho at 269, 328 P.2d at 581; *see* Coeur d'Alene Turf Club v. Cogswell, *supra,* 93 Idaho at 332, 461 P.2d 107 (dissenting opinion).

Since no appeal lies from the order appealed from, this appeal must be dismissed.

Appeal dismissed. Costs to respondents.

McQUADE, C. J., and McFADDEN, SHEPARD, and BAKES, JJ., concur.