78 P.3d 766

Mark George MURPHY and Jannett Marie Murphy, Plaintiffs–Respondents,

v.

MID–WEST NATIONAL LIFE INSURANCE COMPANY OF TENNESSEE, a UICI company, Defendant–Appellant,

and

James Parish, individually and as agent; John Doe and Jane Doe, individually and/or as husband and wife; Does I through X; and Business Entities, Does I through X, Defendants.

No. 28510.

Supreme Court of Idaho, Boise, May 2003 Term.

Oct. 9, 2003.

Elam & Burke, P.A., Boise, for appellants. Jeffrey A. Thomson argued.

Pedersen and Jackson, Twin Falls, for respondents. Jarom A. Whitehead argued.

SCHROEDER, Justice.

Mid–West National Life Insurance Company of Tennessee (Mid–West) appeals the district court's ruling that the provision in the insurance policy it sold to Mark and Jannett Murphy (Murphys) that compels arbitration in disputes over policy coverage is unenforceable.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

In April of 2000 Mid–West issued a health insurance policy to the Murphys. The policy was acquired through an independent sales agent, James Parish, and covered Mark Murphy as the insured and Jannett, Cody, Lexa,

and Tayla Murphy as his dependents. In December of 2000, Mark Murphy was diagnosed with multiple sclerosis and submitted a claim to Mid–West for the treatment of his illness. Mid–West refused to pay the claim, and the Murphys filed suit against Mid–West.

Mid–West moved to stay the proceedings and to compel arbitration pursuant to a clause in the insurance policy which provides that "if the claim is $10,000 or less, the dispute shall be settled by arbitration if either one of us demands arbitration." The Murphys unpaid medical expenses were less than $10,000.

The district court denied Mid–West's motions on the grounds that the provision in the policy allocating the costs of arbitration was unconscionable and thus revocable under I.C. § 7–901. The relevant provision in the policy states:

> Each party shall pay the costs of its arbitrator. The parties shall bear equally the expenses of the third arbiter and all other expenses of arbitration. Attorney fees and expenses for witnesses, will not be deemed to be expenses of arbitration, but will be borne by the party incurring them.

I.C. § 7–901 states:

> **Validity of arbitration agreement**
> A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, **save upon such grounds as exist at law or in equity for the revocation of any contract.** This act does not apply to arbitration agreements between employers and employees or between their respective representatives (unless otherwise provided in the agreement).

(emphasis added). The district court determined that the arbitration provision was procedurally unconscionable because insurance contracts by their nature are contracts of adhesion giving rise to an automatic disparity in the bargaining positions between the insurer and the insured. Further, the provision was substantively unconscionable because the costs of arbitration would be so prohibitively expensive that the Murphys would have to forgo some or all of their claims. Specifically, the district court noted that even while Mid–West had agreed to use only one non-doctor arbitrator, the cost of that arbitrator plus the costs of witnesses and attorney fees was at a minimum $2,500, more than the Murphys could afford. Based upon these determinations the district court ruled the arbitration clause was unenforceable. Mid–West appealed.

## II.

### STANDARD OF REVIEW

In disputes involving arbitration, this court has stated:

> "The question of arbitrability is a question of law properly decided by the court." *Local 2–652 v. EG & G Idaho, Inc.,* 115 Idaho 671, 674, 769 P.2d 548, 551 (1989), *citing AT & T Technologies, Inc. v. Communications Workers,* 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). When questions of law are presented, this court exercises free review and is not bound by findings of the district court, but is free to draw its own conclusions from the evidence presented. *Mutual of Enumclaw v. Box,* 127 Idaho 851, 852, 908 P.2d 153, 154 (1995), *citing Automobile Club Ins. Co. v. Jackson,* 124 Idaho 874, 876, 865 P.2d 965, 967 (1993).

*Lewis v. CEDU Educational Services, Inc.,* 135 Idaho 139, 142, 15 P.3d 1147, 1150 (2000). As for the review of factual findings by the district court, namely that arbitration as set forth by Appellant's policy was prohibitively expensive for the Murphys, this Court has stated, "[o]ur rule has been that on appeal district court findings of fact will not be overturned unless clearly erroneous." *Loomis, Inc. v. Cudahy,* 104 Idaho 106, 110, 656 P.2d 1359, 1365 (citing I.R.C.P 52(a)).

## III

### THE REVOCATION EXCEPTION IN I.C. SECTION 7–901 INCLUDES UNCONSCIONABILITY AS A BASIS FOR REVOCATION OF AN ARBITRATION AGREEMENT, BUT THE ARBITRATION PROVISION IN THIS CASE IS NOT UNCONSCIONABLE

In *Lovey v. Regence Blue Shield of Idaho,* 03.14 ISCR 585, 139 Idaho 37, 72 P.3d

877 (2003), this Court determined that unconscionability is a ground for invalidating an arbitration agreement. However, "[f]or a contract or contractual provision to be voided as unconscionable, it must be both procedurally and substantively unconscionable." *Id.* at 586, 72 P.3d at 882. *Lovey* established the requirements to find unconscionability. As in *Lovey,* there is no showing of procedural or substantive unconscionability in this case.

## IV.

## THE PROHIBITIVE COSTS OF ARBITRATION IN THIS CASE RENDERS THE ARBITRATION PROVISION UNENFORCEABLE

■ While there is no showing of procedural or substantive unconscionability the prohibitive costs of arbitration in this case renders the arbitration provision unenforceable. *Lovey* noted that in *Green Tree Financial Corp.-Alabama v. Randolph,* 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000), "the United States Supreme Court recognized that an agreement to arbitrate may be unenforceable if large arbitration costs precluded the party from effectively vindicating the party's federal statutory rights in the arbitral forum." This concept is related to but independent of the concept of unconscionability. It is viable when the circumstances of the case defeat the salutary purposes usually associated with arbitration which is supposed to be an inexpensive and rapid alternative to prolonged litigation. The factual record was insufficient in *Lovey* to warrant consideration of the *Green Tree* approach. That is not the case here.

The threshold concern in considering the arbitration agreement is that it is applicable to claims of $10,000 or less. This relatively small amount is burdened with extensive costs more appropriate for large value claims. Each party is to pay its own arbitrator and share equally the expenses of a third arbiter and all other expenses of arbitration. The agreement provides that attorney fees and expenses for witnesses will be borne by the party incurring them. On its face this is a hefty load for a medical claim of less than $10,000. Perhaps in recognition of this, Mid–West agreed to use only one non-doctor arbitrator. Despite this reduction, the district court found that the cost of the arbitrator, plus the costs of witnesses and attorney fees was at a minimum $2,500 and that the Murphys could not afford that amount. That determination is supported by the record. Effectively the arbitration agreement in this case turns the purposes of arbitration upside down. It is an expensive alternative to litigation that precludes the Murphys from pursuing the claim.

## V.

## CONCLUSION

The decision of the district court declaring the arbitration provision unenforceable is affirmed. The Murphys are awarded costs.

Chief Justice TROUT, Justices WALTERS, KIDWELL and EISMANN concur.