**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40732**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 813 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 31, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DYLAN EDWARD CONTRERAS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Appeal from judgment of conviction and unified life sentence, with fifteen years determinate, for robbery, and unified sentence of twenty-five years, with fifteen years determinate, for second degree kidnapping, <u>dismissed</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

---

PER CURIAM

Pursuant to a plea agreement, Dylan Edward Contreras pled guilty to robbery, Idaho Code §§ 18-6501, 18-6503, and second degree kidnapping, I.C. §§ 18-4501, 18-4503. As part of the plea agreement, Contreras waived his right to appeal his sentences provided the sentences imposed did not exceed the determinate portion of the State's sentencing recommendation. The district court accepted the plea agreement and sentenced Contreras to a unified term of life, with fifteen years determinate, for the robbery conviction and a concurrent, unified term of twenty-five years, with fifteen years determinate, for the second degree kidnapping conviction.

1

The determinate portion of the sentences imposed did not exceed the State's sentencing recommendation. Contreras now appeals, contending only that his sentences are excessive.

The State argues this appeal should be dismissed because Contreras waived his right to appeal his sentences. We agree. A waiver of the right to appeal a sentence, as a component of a plea agreement, is valid and enforceable if it was made voluntarily, knowingly, and intelligently. *State v. Murphy*, 125 Idaho 456, 872 P.2d 719 (1994). *See also* I.C.R 11(f)(1). Contreras has not presented any argument as to why the waiver should be deemed invalid or unenforceable:[1] he does not challenge the validity of the waiver provision in the plea agreement, does not contend the State violated the plea agreement, and does not claim that he did not enter into the plea agreement voluntarily, knowingly, and intelligently. As such, we will enforce the waiver. The appeal is hereby dismissed.

---

[1] Contreras, relying on *Oneida v. Oneida*, 95 Idaho 105, 503 P.2d 305 (1972), argues the State was required to file a motion to dismiss prior to the filing of appellate briefing in order to obtain dismissal of the appeal. Contreras' reliance on *Oneida* is misplaced.