912 P.2d 610

Thomas GUMPRECHT, M.D., Plaintiff–Appellant–Cross Respondent,

v.

Colin DOYLE, Daniel Miller, Richard Young and Valley Ear, Nose and Throat, P.A., Defendants–Respondents–Cross Appellants.

No. 21125.

Supreme Court of Idaho, Lewiston, April 1995 Term.

Aug. 8, 1995.

Rehearing Denied Sept. 25, 1995.

Mosman Law Offices, Moscow, for appellant. Wynn R. Mosman argued.

Randall, Blake & Cox, P.A., Lewiston, for respondent. Joseph A. Wright argued.

McDEVITT, Chief Justice.

## I.

### BACKGROUND AND FACTS

Dr. Thomas Gumprecht (Gumprecht), seeks to recover statutory penalties pursuant to I.C. § 30–1–52 on the grounds that Valley Ear, Nose and Throat, P.A. (VENT), Dr. Colin Doyle (Doyle), Dr. Daniel Miller (Miller), and Mr. Richard Young (Young) denied Gumprecht access to the corporate records of VENT.[1] Gumprecht joined Doyle and Miller in practice at VENT on October 1, 1981, and subsequently purchased an interest in VENT equaling one-third of the shares of the corporation. The other two-thirds shares were owned by Drs. Doyle and Miller, each owning one third of VENT's total shares. Gum-

---

1. I.C. § 30–1–52 provides in relevant part:

Any officer or agent who, or a corporation which, shall refuse to allow any such shareholder or holder of voting trust certificates, or his agent or attorney, so to examine and make extracts from its books and records of account, minutes and record of shareholders, for any purpose, shall be liable to such shareholder or holder of voting trust certificates in a penalty of fifty dollars ($50.00) per day for each day that such refusal continues after any such shareholder or holder of voting trust certificates, or his agent or attorney, has made and delivered to the corporation written demand for such examination or extraction, in addition to any other damages or remedy afforded him by law....

precht resigned from VENT and subsequently left on January 28, 1988. Prior to leaving VENT, Gumprecht entered into a letter of agreement with Doyle and Miller, which established the terms of Gumprecht's departure and compensation.

Disputes arose between the parties over the terms of the letter of agreement. Gumprecht disputed the accuracy of the calculations used to determine the amounts due Gumprecht from his accounts receivable and asserted that he had not received payments of his portion of the accounts receivable as stated in the letter of agreement. On June 3, 1988, Gumprecht informed VENT that he wished to submit the disputed matters to arbitration, as provided in Gumprecht's employment agreement with VENT.

In an attempt to verify the accuracy of the accounts, Gumprecht sought an independent review of VENT's corporate records to confirm the calculations and valuations of the amounts due Gumprecht. VENT permitted Gumprecht's accountant, Mitchell Marx (Marx), to view those corporate records VENT concluded were related to Gumprecht's accounts receivable and all other records relating to Gumprecht's compensation. VENT denied Marx access to records which VENT concluded were not related to Gumprecht's interests.

The matter proceeded to arbitration in 1992, but prior to arbitration Gumprecht withdrew from consideration the issue of VENT's alleged withholding of corporate information. On June 26, 1992, the arbitrators issued their arbitration award. The arbitrators declined to resolve the issues concerning the VENT pension plan and the defined benefit plan because those issues were not listed or defined in the original issues presented for arbitration. The arbitrators also did not rule on the withholding of corporate records issue. No request to confirm, vacate, change, modify, or alter the arbitration award was made, nor was there an appeal of the award. On July 1, 1992, Miller and Doyle paid Gumprecht pursuant to the arbitration award.

On December 15, 1992, Gumprecht filed a complaint in district court against VENT seeking penalties pursuant to I.C. § 30–1–52 and damages due to VENT's denial of access to corporate records. Pursuant to VENT's motion for summary judgment, the district dismissed Gumprecht's complaint. The district court held that Gumprecht had the opportunity to raise the issue of corporate withholding of records during arbitration and that Gumprecht voluntarily withdrew his claim for statutory penalties under I.C. § 30–1–52. The district court determined that Gumprecht could have and should have raised the issue during arbitration and concluded that Gumprecht's claim was barred by the doctrine of *res judicata* (claim preclusion).

The district court made alternative rulings on the issues of statutes of limitations, equitable estoppel, and the effect of ERISA on Gumprecht's prayer for "any other damages or remedy afforded him by law as it relates to pension distribution." In its alternative rulings, the district court dismissed those claims barred by the statute of limitations. On the remaining claims, the district court found no evidence to support the application of the doctrine of equitable estoppel and found no evidence that VENT's actions caused detrimental reliance requiring that the limitations period be tolled. The district court held that the penalties under I.C. § 30–1–52 continued to run for each day that relevant corporate documents were withheld, so long as the plaintiff was a qualified shareholder at the time of the requests. On the issue of Gumprecht's alleged "other damages" that resulted from VENT's refusal to provide information about the pension distributions, the district court held that the issue was preempted by ERISA, 29 U.S.C. § 1144(a) and that ERISA provided no remedy against a beneficiary's employer in an action to recover benefits under a plan. The district court also held that Gumprecht's requests for pension distribution information were unrelated to Gumprecht's interest as a shareholder. The district court denied attorney fees to VENT under I.C. § 12–120(3) on the grounds that the gravamen of the action did not involve a purely commercial transaction, and denied attorney fees under I.C. § 12–121 due to the novelty and complexity of the issues presented.

Gumprecht filed a timely appeal from the district court's order. VENT cross-appealed.

## II.

## STANDARD OF REVIEW

When faced with an appeal from a summary judgment motion, this Court reviews all the pleadings, depositions, and admissions on file, together with the affidavits, if any, to determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c); *Tolmie Farms v. J.R. Simplot Co.*, 124 Idaho 607, 609, 862 P.2d 299, 301 (1993). The record is to be liberally construed in the light most favorable to the party opposing the motion, and all reasonable inferences are to be drawn in that party's favor. *Farm Credit Bank of Spokane v. Stevenson*, 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994).

## III.

## GUMPRECHT'S CLAIM FOR STATUTORY PENALTIES PURSUANT TO I.C. § 30–1–52 COULD NOT HAVE BEEN BROUGHT DURING ARBITRATION AND WAS PROPERLY BROUGHT BEFORE THE DISTRICT COURT

VENT argues that the district court properly concluded that Gumprecht's claim for statutory penalties pursuant to I.C. § 30–1–52 was barred on the grounds that the claim should have been brought during arbitration. We disagree.

The arbitration agreement between Gumprecht and VENT was part of the parties' employment agreement. Under the Idaho Uniform Arbitration Act (UAA), parties may, pursuant to a written agreement, submit any controversy to arbitration. I.C. § 7–901. However, the UAA specifically excludes from the act arbitration agreements between employers and employees. I.C. § 7–901. Thus, the employment contract between VENT and Gumprecht, including the arbitration agreement, are not covered by the UAA, and the parties' arbitration award is not enforceable under the UAA.

The district court erred in holding that present action "could have and should have been raised and decided in the arbitration proceeding between the parties pursuant to their Employment Agreement." Gumprecht's action in district court is a claim for statutory penalties pursuant to I.C. § 30–1–52 for VENT's withholding of corporate records. Under I.C. § 30–1–52, an officer, agent, or corporation shall be liable for a penalty of fifty dollars ($50.00) per day for each day that a shareholder is refused access to the corporation's books, records, and minutes. I.C. § 30–1–52; *Stueve v. Northern Lights, Inc.*, 118 Idaho 422, 424–25, 797 P.2d 130, 132–33 (1990). The arbitration provision of the employment agreement between Gumprecht and VENT stated that "[i]f at any time during the continuance of this Employment Agreement any dispute shall arise and the difference cannot be satisfactorily resolved within a period of sixty (60) days, it shall be referred to arbitration...." The arbitration agreement only covered disputes between Gumprecht and VENT within their employment relationship and did not contemplate a shareholder action seeking statutory penalties pursuant to I.C. § 30–1–52. Because the statutory cause of action was not covered by the arbitration agreement between the parties, the present action was not a matter subject to arbitration under the agreement. The claim could not have been brought during arbitration, and as such Gumprecht did not have the opportunity to litigate the issue during arbitration. We reverse the district court's determination that Gumprecht's claim for statutory penalties pursuant to I.C. § 30–1–52 is barred under the doctrine of *res judicata* and remand the action to the district court.

## IV.

## VENT IS NOT ENTITLED TO ATTORNEY FEES

VENT argues that the district court erred in failing to award VENT attorney fees pursuant to I.C. § 12–120(3). I.C. § 12–120(3) provides for an award of attorney fees to the prevailing party in a civil action to recover on any commercial transaction. I.C.

§ 12–120(3); *Property Management West, Inc. v. Hunt,* 126 Idaho 897, 900, 894 P.2d 130, 133 (1995). "Commercial transactions," as defined by I.C. § 12–120(3), includes all transactions except transactions for personal or household purposes. *Id.* The test of whether attorney fees are appropriate under I.C. § 12–120(3) is whether the commercial transaction comprises the gravamen of the lawsuit. *Spence v. Howell,* 126 Idaho 763, 775–76, 890 P.2d 714, 726–27 (1995); *Brower v. DuPont De Nemours & Co.,* 117 Idaho 780, 784, 792 P.2d 345, 349 (1990).

Gumprecht's claim is based on the statutory penalties provided in I.C. § 30–1–52 for the corporation's failure to provide access to the corporate records. The claim is not based on a contract. The gravamen of Gumprecht's suit is the statutory provision and not a commercial transaction. Thus the district court properly denied VENT attorney fees under I.C. § 12–120(3). *Scott v. Buhl Joint School Dist. No. 412,* 123 Idaho 779, 786, 852 P.2d 1376, 1383 (1993); *Brower,* 117 Idaho at 784, 792 P.2d at 349.

VENT argues that it is entitled to attorney fees on appeal under I.C. § 12–120(3) and I.C. § 12–121. Both of the provisions under which VENT seeks attorney fees, only allow an award of attorney fees to the prevailing party. I.C. §§ 12–120(3); and 12–121 VENT has not prevailed on appeal. Attorney fees are denied.

## V.

## CONCLUSION

The district court improperly granted summary judgment in favor of VENT and dismissed Gumprecht's complaint. We reverse the decision of the district court and remand the action to the district court.

JOHNSON, SILAK, JJ., and MICHAUD, J. Pro Tem., concur.

SCHROEDER, Justice, concurring in part and dissenting in part.

I concur with the decision in this case in all respects except Part IV which determines that VENT is not entitled to attorney Fees. I.C. § 12–120(3) provides the following:

In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

The term 'commercial transaction' is defined to mean all transactions except transactions for personal or household purposes. The term 'party' is defined to mean any person, partnership, corporation, association, private organization, the state of Idaho or political subdivision thereof.

I.C. § 12–120 was amended in 1986. 1986 Idaho Sess. Laws, ch. 205, p. 511. Prior to the amendment the prevailing party was entitled to recover attorney fees in a civil action "to recover on an open account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, merchandise ..." The amendment added to this list the term "guaranty," and contract relating to "services" as well as attorney fees "in any commercial transaction." "Commercial transaction" was "defined to mean all transactions except transactions for personal or household purposes."

There is no legislative history that specifies the purpose of these amendments, but it is clear that the purpose of the legislation was to significantly expand the coverage of the attorney fee provisions of I.C. § 12–120 by the addition of guaranty, contracts relating to services, and commercial transactions, particularly considering the very broad definition of commercial transaction. Prior to the amendment the statute covered most types of contracts. The addition of "guaranty" and contracts relating to services left little in contracts uncovered, except real estate contracts. The addition of the language "in *any* commercial transaction" indicates a legislative purpose to broaden the applicability of I.C. § 12–120 beyond contract claims.

246

The Court's decision denies Gumprecht's claim for attorney fees because his "claim is based on the statutory penalties provided in I.C. § 30–1–52 for the corporation's failure to provide access to the corporate records. The claim is not based on a contract." The Court has determined that the gravamen of the suit is "the statutory provision and not a commercial transaction." This unduly limits application of I.C. § 12–120(3). The array of business organizations that exist such as corporations, partnerships, limited partnerships, and professional associations, involve commercial ventures. Their rights and duties are commonly defined by statute. The fact that a litigant seeks a statutory remedy should not preclude an award of attorney fees when the essential activity at issue is commercial. The Court's decision effectively limits the applicability of I.C. § 12–120(3) to contract actions. The purpose of the 1986 amendments to I.C. § 12–120 was to expand its application to a very broad segment of commercial activity that might not otherwise have been included.

The Court has previously limited applicability of the "commercial transaction" component of I.C. § 12–120(3) when the claim is stated as a tort, even though the action arose in a commercial context. *See, e.g. Fuller v. Wolters,* 119 Idaho 415, 807 P.2d 633; *Brower v. E.I. DuPont De Nemours and Co.,* 117 Idaho 780, 792 P.2d 345. Those limitations are part of our law, and though a different approach might have been taken, establish authority upon which parties may rely. However, the current interpretation unduly limits I.C. § 12–120(3) to contract actions and largely nullifies the effect of the addition of "in any commercial transaction" to the statute. This interpretation is not compelled by prior decisions and is contrary to the principle of statutory construction that the court should not construe an amendment in such a way as to render it a nullity, because we do not presume that the legislature has passed a superfluous amendment. *See Davaz v. Priest River Glass Co., Inc.* 125 Idaho 333, 870 P.2d 1292 (1994); *Sweitzer v. Dean,* 118 Idaho 568, 798 P.2d 27 (1990); *Maguire v. Yanke,* 99 Idaho 829, 590 P.2d 85 (1978).

I would award Gumprecht attorney fees pursuant I.C. § 12–120(3).