177 P.3d 944

Eugene L. MASON, individual,
Plaintiff–Respondent,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign en-
tity, Gary Stokes, agent for State Farm
Mutual Automobile Insurance Company,
and/or individual, Defendants–Appel-
lants,

and

John Does, individually, Does I through
X, and Business Entities, Does I
through X, Defendants.

No. 33358.

Supreme Court of Idaho.
Twin Falls, November 2007 Term.

Dec. 24, 2007.

Rehearing Denied Feb. 6, 2008.

Elam & Burke, P.A., Boise, for appellants. Jeffrey A. Thomsen argued.

Holland & Hart, LLP, Boise, and Pedersen & Jackson, Twin Falls, for respondent. Kenneth L. Pedersen argued.

J. JONES, Justice.

Eugene L. Mason sued State Farm in district court alleging negligence, bad faith, breach of contract, and intentional infliction of emotional distress, premised on the fact that State Farm refused to pay a portion of Mason's medical expenses. State Farm asked the court to compel arbitration of the dispute under the medical payment coverage provision of Mason's insurance policy. The district court denied the motion, holding the dispute to be outside the scope of the arbitration clause. We reverse.

## I.

Eugene L. Mason was involved in an automobile accident on October 6, 2003. At the time of the accident, Mason's vehicle was

covered under a policy issued by State Farm. After the accident, Mason sought chiropractic treatment for pain in his neck and shoulders. Mason's chiropractor noted that Mason had a pre-existing state of degeneration of the cervical spine, but that with this motor vehicle accident "the tissue damage was so invasive that his nerve rootlets were irrevocably impinged, requiring surgical decompression." Mason's surgeon agreed that the motor vehicle accident aggravated his underlying problems. Mason underwent surgery to relieve the continued pain, and his pain improved.

Mason made a claim under the medical payment coverage of his State Farm policy for payment of medical expenses incurred after the accident. The policy provides that State Farm will pay "reasonable medical expenses incurred, for bodily injury caused by accident, for services furnished within three years of the date of the accident." Under the policy, "[e]xpenses are reasonable only if they are consistent with the usual fees charged by the majority of similar medical providers in the geographical area in which the expenses were incurred for the specific medical service." "Services are necessary only if the services are rendered by a medical provider within the legally authorized scope of the provider's practice and are essential in achieving maximum medical improvement for the bodily injury sustained in the accident."

Although State Farm paid 100% of the expenses through May 2004, the company requested an independent medical examination in March 2005. The independent medical examiner confirmed that the accident caused a major increase in Mason's neck and upper extremity pain, but also noted that he had ongoing symptoms due to prior incidents of trauma. The examiner further stated that "one would have to apportion his treatment between the pre-existing conditions resulting from injuries on June 16, 2003 and March 10, 2002 against that of the incident of October 6, 2003." Thus, the examiner concluded that Mason's "current trauma would account for 60% of his acute symptoms and 40% would be apportioned to the preexisting injuries." Based on this determination, State Farm

paid 60% of the remaining medical expenses, a total of $18,135.15.

Mason filed a Complaint against State Farm seeking payment of the remaining medical expenses, and alleging four causes of action: negligence, bad faith, breach of contract, and intentional infliction of emotional distress, each premised on the fact that State Farm refused to pay all of Mason's medical expenses. State Farm filed a Motion for Stay of Proceedings and to Compel Arbitration pursuant to the language of Mason's insurance policy. The arbitration clause in the policy provides:

**Deciding Amount**

The amount due under this coverage shall be decided by agreement between the *person* making the claim and us. If there is no agreement, the amount due shall be decided by arbitration upon written request of the *person* making the claim or us.... The arbitrators' decision shall be limited to whether or not the medical expenses were reasonable and necessary, with the amount due being equal to the reasonable and necessary medical expenses only. The arbitrators shall not award punitive damages or other non-compensatory damages.

The district court denied State Farm's motion. The court stated that "the issue before this court is whether the arbitration clause covers the particular issue presented for review." The court determined that the provision here was ambiguous and should be construed against State Farm. The court then construed the provision to limit arbitrators to determining whether the expenses sought for medical payments were reasonable and necessary. The court refused to read the arbitration clause so broadly as to allow State Farm to apportion treatment expenses and argue some were not necessary. State Farm appealed to this Court.

## II.

The sole issue in this case is whether the parties' dispute as to whether State Farm may pay only 60% of Mason's claim for medical expenses falls within the scope of the policy's arbitration clause.

## A.

Arbitrability is a question of law to be decided by the court. *Murphy v. Mid–West Nat'l Life Ins. Co. of Tennessee,* 139 Idaho 330, 331, 78 P.3d 766, 767 (2003). Thus, this Court exercises free review and may draw its own conclusions based upon the evidence presented. *Id.*

## B.

State Farm moved to compel arbitration under the policy and Idaho's Uniform Arbitration Act. I.C. § 7–901 provides: "A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable, and irrevocable, save upon such grounds as exist in law or in equity for the revocation of any contract." [1]

State Farm asserts the district court erred because the arbitration clause is enforceable, and because the parties' dispute falls within the scope of the provision. According to State Farm, since no cognizable grounds exist for the revocation of the arbitration clause, it is therefore valid, enforceable, and irrevocable, subject only to a determination of whether the clause includes the dispute between the parties within its scope. The validity of either a contract to arbitrate or an arbitration provision in a contract must be determined under contract defenses that are generally applicable to all contracts. *See Lovey v. Regence BlueShield of Idaho,* 139 Idaho 37, 41, 72 P.3d 877, 881 (2003). Under Idaho case law, the grounds for revocation of an arbitration agreement are either mutual agreement or a condition that vitiates the agreement *ab initio,* such as fraud, mistake, or duress. *Lovey,* 139 Idaho at 41, 72 P.3d at 881 (citing *Smith v. Idaho State Univ.*

*Fed. Credit Union,* 114 Idaho 680, 760 P.2d 19 (1988)). In addition, because unconscionability is a ground for voiding a contract, it can be a basis for revoking an agreement to arbitrate. *Id.* Since Mason did not raise any of the above grounds for revocation of the contract, the only remaining question is whether this particular dispute falls within the scope of the arbitration clause.

State Farm maintains that the district court erred in denying its motion to compel because the dispute between the parties over the amount due and causation under the coverage is within the scope of the arbitration provision. State Farm asserts that the dispute falls squarely within the scope of the clause: "Mason wanted 100% of his bills paid, while State Farm believed only 60% qualified for payment." According to State Farm, since this dispute and all related issues, including causation, necessity, reasonableness, and how to calculate the amount due, fall within the scope of the arbitration clause, the district court should have ordered arbitration.

Mason asserts the district court properly denied the motion to compel arbitration. Although there is a general presumption in favor of arbitrability, parties cannot be forced to arbitrate an issue they did not agree to arbitrate. Mason further argues that the general presumption carries less weight when there is a limiting clause at issue. Since the scope of the clause here is narrow and limiting, the presumption does not apply. Further, Mason argues that the scope of the arbitration clause is ambiguous at best, and that the district court properly resolved the ambiguity against State Farm when it denied arbitration. Finally, Mason claims this is essentially a coverage dispute, which is not subject to arbitration.

---

1. We apply Idaho's Uniform Arbitration Act to this case since State Farm moved to compel under Idaho law. Although the Federal Arbitration Act may apply to some extent, the provisions are virtually identical so this is a distinction without a difference. *See, e.g., Moore v. Omnicare, Inc.,* 141 Idaho 809, 815, 118 P.3d 141, 147 (2005); *Reece v. U.S. Bancorp Piper Jaffray, Inc.,* 139 Idaho 487, 490, 80 P.3d 1088, 1091 (2003) ("The FAA applies as the substantive arbitration law used in state court when a case falls under the purview of the Act, even if no other form of federal jurisdiction exists."). Further, states apply general state law principles of contract interpretation to resolve the issue whether the parties entered into a valid and enforceable written agreement to arbitrate, and to determine the scope of the arbitration provision. *See First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944, 115 S.Ct. 1920, 1924, 131 L.Ed.2d 985, 994 (1995). Thus, we apply state law to determine arbitrability of the dispute in this case.

This Court has recognized a strong public policy which favors arbitration. *See, e.g., Bingham County Comm'n v. Interstate Elec. Co.*, 105 Idaho 36, 40, 665 P.2d 1046, 1050 (1983). Agreements to arbitrate are encouraged and given explicit recognition as effective means to resolve disputed issues. *Loomis, Inc. v. Cudahy*, 104 Idaho 106, 108, 656 P.2d 1359, 1361 (1983). Doubts are to be resolved in favor of arbitration. *See, Int'l Ass'n of Firefighters, Local No. 672 v. City of Boise*, 136 Idaho 162, 168, 30 P.3d 940, 946 (2001). A court reviewing an arbitration clause will order arbitration unless "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id.* (quoting *AT & T Tech., Inc. v. Communications Workers of America*, 475 U.S. 643, 650, 106 S.Ct. 1415, 1419, 89 L.Ed.2d 648, 656 (1986)).

When entertaining a motion to compel or stay arbitration, the Court must limit its inquiry to whether there is an agreement to arbitrate. *Loomis, Inc.*, 104 Idaho at 109, 656 P.2d at 1362. Where parties have entered into an agreement calling for arbitration as a means of settling a dispute, the court's scope of review is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the parties' contract. *Int'l Ass'n of Firefighters*, 136 Idaho at 167, 30 P.3d at 945. Whether an arbitration clause in a contract requires arbitration of a particular dispute or claim depends upon its terms. *Lovey*, 139 Idaho at 46, 72 P.3d at 886. *See also EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289, 122 S.Ct. 754, 762, 151 L.Ed.2d 755, 766 (2002) (absent some ambiguity in the agreement, it is the language of the contract that defines the scope of disputes subject to arbitration); *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 57, 115 S.Ct. 1212, 1216, 131 L.Ed.2d 76, 84 (1995) ("[T]he FAA's proarbitration policy does not operate without regard to the wishes of the contracting parties."). The presumption in favor of arbitration does not displace the parties' intent. *See Oil, Chemical & Atomic Workers Int'l Union v. EG & G Idaho, Inc.*, 115 Idaho 671, 674, 769 P.2d 548, 551 (1989) (citing *First Nat'l Maint. Corp. v. NLRB*, 452 U.S. 666, 101 S.Ct. 2573, 69 L.Ed.2d 318 (1981)). Accordingly, the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute. *See Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444, 454 (1985).

The agreement at issue here is an insurance policy. Insurance policies are a matter of contract between the insurer and the insured. *Brinkman v. Aid Ins. Co.*, 115 Idaho 346, 352, 766 P.2d 1227, 1233 (1988). In construing an insurance policy, the Court must look to the plain meaning of the words to determine if there are any ambiguities. *Cascade Auto Glass, Inc. v. Idaho Farm Bureau Ins. Co.*, 141 Idaho 660, 663, 115 P.3d 751, 754 (2005) (citing *Clark v. Prudential Prop. and Cas. Ins. Co.*, 138 Idaho 538, 540, 66 P.3d 242, 244 (2003)). In resolving this question of law, the Court must construe the policy "as a whole, not by an isolated phrase." *Id.* (citing *Selkirk Seed Co. v. State Ins. Fund*, 135 Idaho 434, 437, 18 P.3d 956, 959 (2000)). Where the policy language is clear and unambiguous, coverage must be determined according to the plain meaning of the words used. *Cascade Auto Glass, Inc.*, 141 Idaho at 662–63, 115 P.3d at 753–54 (citing *Clark*, 138 Idaho at 541, 66 P.3d at 245 (2003)). An insurance policy provision is ambiguous if "it is reasonably subject to conflicting interpretations." *Cascade Auto Glass, Inc.*, 141 Idaho at 663, 115 P.3d at 754 (citing *North Pac. Ins. Co. v. Mai*, 130 Idaho 251, 253, 939 P.2d 570, 572 (1997); *City of Boise v. Planet Ins. Co.*, 126 Idaho 51, 55, 878 P.2d 750, 754 (1994)). If the Court finds any ambiguities in the insurance policy, they must be construed against the insurer. *Id.* (citing *Farmers Ins. Co. of Idaho v. Talbot*, 133 Idaho 428, 435, 987 P.2d 1043, 1050 (1999) ("The general rule is that, because insurance contracts are adhesion contracts, typically not subject to negotiation between the parties, any ambiguity that exists in the contract must be construed most strongly against the insurer.")).

The question here is whether the dispute over the amount State Farm is obliged to pay

falls within the scope of the arbitration clause. That clause provides that the amount due shall be decided by arbitration where there is no agreement as to the amount due. Should this occur, "[t]he arbitrators' decision shall be limited to whether or not the medical expenses were reasonable and necessary." According to the policy, expenses are reasonable "only if they are consistent with the usual fees charged by the majority of medical providers in the geographical area in which the expenses were incurred for the specific medical service," and "services are necessary only if rendered by a medical provider within the legally authorized scope of the provider's practice and are essential in achieving maximum medical improvement for the bodily injury sustained in the accident." The parties here agreed to arbitrate the amount due under the coverage. The coverage provides for payment of medical expenses that are reasonable, are for bodily injury caused by the accident, and are for necessary services. Necessary services are defined as those services "essential in achieving maximum medical improvement for the bodily injury sustained in the accident." This dictates that the arbitrator decide if the medical services were necessitated by the accident. Thus, the arbitrator here must step in to determine what services are necessary as a result of the accident and how much is due for those services. The district court should have granted State Farm's motion to compel arbitration as to the amount due under the medical payment coverage provisions of the insurance policy.

### III.

We reverse the district court and remand the case for further proceedings consistent with this opinion.

Chief Justice EISMANN, and Justices BURDICK and W. JONES concur.

KIDWELL, Justice Pro–Tem, dissenting:

The significant arbitration issue raised by this case is whether an automobile insurance company can pay only a percentage of reasonable and necessary expenses where there is a pre-existing injury, when the arbitration clause provides for payment of "reasonable and necessary" medical expenses incurred for bodily injury caused by the accident.

An insurance company can limit their liability with express language in the policy. That is not the situation in this case and they should not prevail because of an arguable ambiguity. The overwhelming prevailing Idaho law gives the benefit of the doubt to the insured when a policy has unclear language.

Here, the insurance company should not be allowed to compel arbitration because the dispute over the percentage apportionment of medical expenses is not, as required by the policy, a question of "whether or not the medical expenses were reasonable and necessary."