# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 35459-2008

| | | |
|---|---|---|
| STOREY CONSTRUCTION INC., | ) | Boise, August 2009 Term |
| | ) | |
| Plaintiff-Respondent, | ) | Opinion No.  115 |
| | ) | |
| v. | ) | Filed: September 30, 2009 |
| | ) | |
| TOM HANKS and RITA WILSON, husband | ) | Stephen W. Kenyon, Clerk |
| and wife; and LILY REEVES, | ) | |
| | ) | |
| Defendants-Appellants. | ) | |

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, in and for Blaine County.  The Hon. Robert J. Elgee, District Judge.

The order of the district court is <u>reversed</u>.

Danielson Harrigan Leyh & Tollefson, LLP, Seattle; Clements, Brown & McNichols, Lewiston; and Edward Simon, Ketchum, for appellants.  Arthur W. Harrigan, Jr., argued.

Stanislaw Ashbaugh, LLC, Seattle, and Christopher A. Wright, Seattle, for respondent.  R. Miles Stanislaw argued.

---

EISMANN, Chief Justice.

This is an appeal from an order permanently enjoining arbitration regarding a construction contract on the ground that the claims alleged in the arbitration were barred by res judicata.  The party seeking arbitration had asserted a counterclaim for construction defects in a prior arbitration and that counterclaim had been denied by the arbitrators.  The district court held that the award barred all future claims for construction defects, even if they were unknown at the time of the prior arbitration and could not reasonably have been discovered.  Because that holding is not consistent with the terms of the parties' arbitration agreement, we reverse.

## I.  FACTS AND PROCEDURAL HISTORY

Lily Reeves (Trustee) is the trustee of the Sun Valley Trust (Trust), and beneficiaries are Tom Hanks and Rita Wilson (Beneficiaries).  The Trustee entered into a contract dated July 21,

2000, with Storey Construction, Inc., (Contractor) to build a single family residence and other improvements on certain real property located near Sun Valley. The contract included an arbitration clause.

A dispute arose between the Contractor and Trustee in late 2002, when construction was almost complete. The Contractor requested arbitration of the dispute, asserting claims against the Trustee and the Beneficiaries. The Trustee and Wilson asserted counterclaims in the arbitration proceeding, which included an allegation that the Contractor had "breached the Construction Contract by performing substandard and defective work." At that time, they allegedly had no knowledge of any such substandard or defective work and did not offer any evidence on that counterclaim.

The arbitration hearing was held on nine days in September and October of 2003. On January 27, 2004, the arbitrators issued their final award. They awarded the Contractor $1,218,820 against the Trust and Trustee, plus interest, costs, attorney fees, and arbitrators' compensation and expenses; they dismissed the Contractor's claims against the Beneficiaries and awarded the Beneficiaries costs and attorney fees against the Contractor; and they dismissed the Trustee and Wilson's counterclaims against the Contractor.

During the winter of 2005-2006, the Beneficiaries allege that they experienced water intruding into the house and other problems. When the Trustee's experts removed portions of the structures to determine the source of the problems, they allegedly discovered additional construction defects that were previously unknown. On November 7, 2007, the Trustee filed a demand to arbitrate these defects.

On December 20, 2007, the Contractor responded by filing an action against the Beneficiaries and the Trustee seeking to stay the arbitration proceedings and to recover damages for abuse of process. On February 15, 2008, the Beneficiaries and Trustee filed a motion to dismiss the complaint or, in the alternative, to compel arbitration or stay the court proceedings. On February 19, 2008, the Contractor filed a motion to confirm the prior arbitration award and a motion to stay the arbitration based upon the defense of res judicata.

The motions were heard on March 4, 2008. The district court granted the motion to confirm the arbitration award. It then ruled that the Contractor's defense of res judicata was not subject to arbitration and that it would stay the arbitration until the court decided the merits of that defense. Finally, it denied the motion to dismiss the complaint, but ruled that the abuse of

process claim would be stayed until the court decided the issue of res judicata. On March 10, 2008, the district court entered an order staying the arbitration until it decided the res judicata issue. On the same date, it also entered an order denying the Trustee and Beneficiaries' motions to dismiss the claim for abuse of process, but it did grant their motion to stay that claim until resolution of the Trustee's demand for arbitration.

On June 19, 2008, the district court held a hearing on the issue of whether the construction defect claims in the Trustee's demand for arbitration were barred by the doctrine of res judicata. The court viewed the issue as whether, as a matter of law, any claim for latent construction defects was barred by res judicata because the Trustee had alleged in the prior arbitration a breach of contract claim seeking damages for "substandard and defective work." The district court held that where the Trustee had asserted a breach of contract claim for construction defects in the prior arbitration, all future claims for construction defects under the same contract were barred by res judicata, even if the future claims had not been asserted in the prior arbitration, were unknown at that time, and could not reasonably have been known. On June 27, 2008, the district court issued an order permanently staying the demand for arbitration and lifting the stay on the claim for abuse of process. The order was not entered until July 2, 2008.

On June 30, 2008, the Trustee and Beneficiaries filed a notice of appeal from the order staying arbitration issued on June 27, 2008. They also filed a motion for reconsideration of that order. On July 18, 2008, they filed an amended notice of appeal from the order issued on June 27, 2008, even though their motion for reconsideration had not yet been heard. The motion for reconsideration was heard on September 22, 2008, and on October 1, 2008, the district court entered an order denying it.

## II. ANALYSIS

In *Deeds v. Regence BlueShield of Idaho*, 143 Idaho 210, 212, 141 P.3d 1079, 1081 (2006), this Court held that an order denying a motion to compel arbitration "is final for the purposes of our rules and is therefore appealable as a matter of right." In this case, the district court entered two orders staying arbitration.

On February 19, 2008, the Contractor filed a "Motion to Temporarily Stay Arbitration Pending Hearing Re: *Res Judicata*," pursuant to Idaho Code § 7-902(b). In support of its

3

motion, the Contractor contended that under its contract with the Trustee, the parties had not agreed to arbitrate the issue of res judicata. In making that argument, the Contractor relied primarily upon *Waterfront Marine Const., Inc. v. North End 49ers Sandbridge Bulkhead Groups A, B and C*, 468 S.E.2d 894 (Va. 1996). Relying primarily upon *Chiron Corp. v. Ortho Diagnostic Systems, Inc*., 207 F.3d 1126 (9th Cir. 2000), the Trustee argued that the issue of res judicata was subject to arbitration under the parties' agreement.

The motion was argued on March 4, 2008, and on March 10, 2008, the district court entered an "Order Staying Arbitration." The court ordered, "The above-referenced arbitration proceeding shall be and is hereby ordered STAYED in all respects until further order of this Court and the completion of a summary trial as provided for in I.C. 7-902(b)." As will be shown, by this order the district court, in effect, held that the defense of res judicata was not arbitrable.

On June 19, 2008, the district court held a hearing on the merits of the Contractor's res judicata defense to the 2007 demand for arbitration. At the conclusion of that hearing, the district court held that the Trustee's claims alleged in the 2007 demand for arbitration were barred by res judicata. The district court ruled:

> I think this current claim made by defendants is the same claim under res judicata analysis that's made in the first arbitration. It's based on the operative set of facts of construction of the buildings and that operative set of facts ended when the construction ended. The damages were felt at different times and under different circumstances, but to me that doesn't affect the application of res judicata.

The procedure employed by the district court reflects a misunderstanding of Idaho Code § 7-902(b). That statute provides:

> (b) On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate. Such an issue, when in substantial and bona fide dispute, shall be forthwith and summarily tried and the stay ordered if found for the moving party. If found for the opposing party, the court shall order the parties to proceed to arbitration.

If a party opposing arbitration makes a showing that there is no agreement to arbitrate the matter in dispute, the court may stay the arbitration proceeding. The statute then provides, "*Such an issue*, when in substantial and bona fide dispute, shall be forthwith and summarily tried." (Emphasis added.) The *issue* to be summarily tried is the issue of whether the parties had agreed

4

to arbitrate the matter in dispute, not the merits of the matter in dispute. The statute's last sentence states, "If found for the opposing party, the court shall order the parties to proceed to arbitration." If the issue summarily tried was the merits of the matter in dispute, the court would be deciding the merits of the matter before ordering the parties to arbitrate it. That is clearly not the correct interpretation of the statute. The court is only to summarily try the issue of whether or not the matter in dispute is arbitrable.

Under Idaho Code § 7-902(b), the court can stay arbitration until it summarily tries the arbitrability of the matter in dispute. In this case, however, after holding that res judicata was not arbitrable, the district court stayed the arbitration until "the completion of a summary trial as provided for in I.C. 7-902(b)." The summary trial mentioned in the statute had already occurred when the court ruled that res judicata was not arbitrable.

The order staying arbitration entered on March 10, 2008, was, in effect, an order denying arbitration on the defense of res judicata.[1] The order provided as follows:

> This matter having come on duly and regularly for hearing on the Motion of Plaintiff Storey Construction Inc. to stay an arbitration pending under AAA Cause No. 77 110 Y 20 00435 07 SHST wherein Lily Reeves, as Trustee for the Sun Valley Trust, is Claimant and Storey Construction Inc. is Respondent; said motion to stay having been made pursuant to I.C. § 7-902(b) and having been made for the purpose of allowing Plaintiff's plea of *res judicata* to be summarily tried by this Court; the Court having considered the parties' memoranda and supporting affidavits, the records and pleadings herein, and argument of counsel, the Court

---

[1] "The question of arbitrability is a question of law properly for determination by the court." *International Ass'n of Firefighters, Local No. 672 v. City of Boise City*, 136 Idaho 162, 167, 30 P.3d 940, 945 (2001). The Contractor filed this lawsuit seeking a determination that the claims alleged in the Trustee's 2007 demand for arbitration were barred by res judicata. Thus, this lawsuit was to assert res judicata as a defense to those claims. The Contractor does not contend that the claims alleged in the 2007 demand for arbitration were not arbitrable under the parties' contract. "[A] res judicata objection based on a prior arbitration proceeding is a legal defense that, in turn, is a component of the dispute on the merits and must be considered by the arbitrator, not the court." *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1132 (9th Cir. 2000). As we stated in *International Association of Firefighters, Local No. 672 v. City of Boise City*, 136 Idaho 162, 168, 30 P.3d 940, 946 (2001) (citations omitted): "A court reviewing an arbitration clause will order arbitration unless 'it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.' Doubts are to be 'resolved in favor of coverage.'" There is nothing in the parties' contract excluding the defense of res judicata from their agreement to arbitrate. The Contractor contends that res judicata is a legal issue that should be decided by the court, not by arbitrators. "Arbitrators are the final judges of law and fact." *Bingham County Com'n v. Interstate Elec. Co., a Div. of the L.E. Myers Co.*, 105 Idaho 36, 42, 665 P.2d 1046, 1052 (1983). "Absent express limitation by the parties, the arbitrator's authority is very broad." *Moore v. Omnicare, Inc.*, 141 Idaho 809, 816, 118 P.3d 141, 148 (2005). If there are legal issues that the parties want excluded from their arbitration agreement, then the parties should so provide in their contract.

5

does now hereby ORDER, ADJUDGE, and DECREE for the reasons stated on the record as follows:

> 1) The above-referenced arbitration proceeding shall be and it is hereby ordered STAYED in all respects until further order of this Court and the completion of a summary trial as provided for in I.C. 7-902(b).

In the order, the court stated that it was ordering the stay "for the reasons stated on the record," thereby incorporating by reference its oral comments on the record. After hearing the parties' arguments on March 4, 2008, the district court orally stated its reasoning and conclusion on the record as follows:

> The contract provides – what I'm referring to by the contract, the contract for arbitration – provides that it is governed by the law of the place of the residence, the place of construction, which is Idaho. My determination is that the contract for arbitration does not cover questions regarding reference of the case to an arbitrator to resolve questions of arbitrability. The contract for arbitration cannot be looked to for guidance to determine whether to refer res judicata issues back to arbitration. The *Waterfront Marine* case says when the contract is silent on that issue, it's a matter for the judiciary to resolve and that res judicata – or whether res judicata applies is a judicial question under those circumstances.
> So the motion to stay arbitration pending summary disposition of the res judicata issue is granted.

Thus, the reason for the order entered on March 10, 2008, was the court's determination that the defense of res judicata was not arbitrable.

After orally stating the reason for its order, the court said that "the motion to stay arbitration pending summary disposition of the res judicata issue is granted." As stated above, under Idaho Code § 7-902(b) the issue of the arbitrability of the defense of res judicata was to be summarily tried, not the merits of the defense itself. The court, however, stated that the issue to be summarily tried was "the res judicata issue." The court's confusion as to the issue to be summarily tried under Section 7-902(b) is reflected in the order, which states that the Contractor filed the motion for a stay "for the purpose of allowing Plaintiff's plea of *res judicata* to be summarily tried by this Court." The court later did summarily try the merits of the Contractor's res judicata defense.

Thus, the court's reason for the order entered on March 10, 2008, incorporated by reference in the order, was that the defense of res judicata was not arbitrable. It then stayed arbitration "pending summary disposition of the res judicata issue." Thus, the order was, in

effect, an order denying arbitration of the defense of res judicata. Indeed, when it orally ordered on March 10, 2008, that the issue of res judicata was not subject to arbitration, the district court stated that in its opinion its order was appealable. It said:

> This very well could be an appealable order. There is a recent Idaho Supreme Court decision probably within the last year, maybe within the last six months, that says, I believe, questions of arbitrability are appealable directly to the Supreme Court. Whether the Court refers it to arbitration or not I believe is an appealable order. Whether it's appealable at this point or whether you have to go through the summary disposition issue, I don't know, I'll leave that to you, but I believe it's an appealable order.

For the purposes of this appeal, we will treat the order entered on March 10, 2008, as an order denying arbitration on the issue of whether the defense of res judicata is arbitrable under the terms of the parties' arbitration agreement. So construed, it was a final order appealable as a matter of right. *Deeds v. Regence BlueShield of Idaho,* 143 Idaho 210, 212, 141 P.3d 1079, 1081 (2006). Because no timely appeal was taken from that order, we will address the district court's ruling that the claims asserted in the November 2007 demand for arbitration are barred by the doctrine of res judicata.

On July 2, 2008, the district court entered an "Order Enforcing Bar of *Res Judicata* and Lifting Stay of Trial Court Proceedings." In that order, the district court stated that it

> does hereby ORDER, ADJUDGE, and DECREE as follows:
> 1) As a matter of law, the bar of *res judicata* should be and it hereby is enforced with respect to the Demand for Arbitration, Exhibit A hereto.
> 2) The American Arbitration Association proceedings demanded by the Demand for Arbitration, Exhibit A hereto, are hereby permanently and forever stayed pursuant to I.C. Title 7, Chapter 9.
> 3. The stay of trial court proceedings with respect to those portions of Storey's Complaint alleging abuse of process is hereby lifted.

This order permanently stayed arbitration on the merits of the Trustee's claims. Therefore, it too is a final order denying arbitration. *Deeds v. Regence BlueShield of Idaho*. The Trustee and Beneficiaries timely appealed from that order.

Analysis of whether the claims alleged in the 2007 demand for arbitration are barred by the doctrine of res judicata must begin with the terms of the parties' contract. The relevant contract provisions are as follows:

**4.6 ARBITRATION**

**4.6.1** Any claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Subparagraphs 4.3.10, 9.10.4 and 9.10.5, shall, after decision of the Architect or 30 days after submission of the Claim to the Architect, be subject to arbitration.

**4.6.2** Claims shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect. The demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association, and a copy shall be filed with the Architect.

. . . .

**4.6.5 Claims and timely assertion of Claims.** The party filing a notice of demand for arbitration must assert in the demand all Claims then known to that party on which arbitration is permitted or demanded.

**4.6.6 Judgment on final award.** The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

In addition, the parties' contract defined a "claim" as follows:

**4.3 CLAIMS AND DISPUTES**
**4.3.1 Definitions.** A claim is a demand or assertion by one of the parties seeking, as a matter of right, adjustment or interpretation of Contract terms, payment of money, extension of time or other relief with respect to the terms of the Contract. The term "Claim" also includes other disputes and matters in question between the Owner and Contractor arising out of or relating to the Contract. Claims must be initiated by written notice. The responsibility to substantiate Claims shall rest with the party making the Claim.

Under the parties' contract, "[a]ny claim arising out of or related to the Contract" is generally subject to arbitration. A claim is defined as "a demand or assertion by one of the parties seeking, as a matter of right, . . . payment of money, . . . or other relief with respect to the terms of the Contract," including "other disputes and matters in question between the Owner and Contractor arising out of or relating to the Contract." Claims, except those arising under paragraphs dealing with hazardous materials, must first be submitted to the architect for a decision.[2] Before deciding the claim, the architect can "request additional supporting data from

---

[2] Paragraph 4.4.1 of the parties' contract provided:

8

the claimant or a response with supporting data from the other party,"[3] and the architect may "consult with or seek information from either party or from persons with special knowledge or expertise who may assist the Architect in rendering a decision."[4] The architect must submit a written decision approving or rejecting the claims, "which shall state the reasons therefor."[5] It is obvious from these provisions that a claim for a construction defect must describe a specific defect to be addressed.

There can be more than one construction defect in a construction project. Under the parties' contract, there can also be more than one claim "arising out of or related to" the parties' construction contract. Indeed, the contract states, "Claims [plural] shall be decided by arbitration" and "The party filing a notice of demand for arbitration must assert in the demand all Claims [plural] then known to that party on which arbitration is permitted or demanded." The parties did not limit arbitration to one claim each, nor did they agree in their contract to arbitrate unknown claims, or claims not submitted to arbitration.

"Matters submitted for arbitration are relevant to determining the scope of an arbitrator's power and must be considered along with the original agreement to arbitrate." *Moore v. Omnicare, Inc.*, 141 Idaho 809, 816, 118 P.3d 141, 148 (2005) (citations omitted). "Arbitrators are, of course, not free to disregard the terms of the contracts they are reviewing—their powers derive from the parties' agreement." *Mumford v. Miller*, 143 Idaho 99, 101, 137 P.3d 1021,

---

**Decision of Architect.** Claims, including those alleging an error or omission by the Architect but excluding those arising under Paragraphs 10.3 through 10.5 [relating to hazardous materials], shall be referred initially to the Architect for decision.

[3] Paragraph 4.4.2 of the parties' contract provided:
The Architect will review Claims and within ten days of the receipt of the Claim take one or more of the following actions: (1) request additional supporting data from the claimant or a response with supporting data from the other party, . . . .

[4] Paragraph 4.4.3 of the parties' contract provided:
In evaluating Claims, the Architect may, but shall not be obligated to, consult with or seek information from either party or from persons with special knowledge or expertise who may assist the Architect in rendering a decision. The Architect may request the Owner to authorize retention of such persons at the Owner's expense.

[5] Paragraph 4.4.5 of the parties' contract provided:
The Architect will approve or reject Claims by written decision, which shall state the reasons therefor and which shall notify the parties of any change in the Contract Sum or Contract Time or both. The approval or rejection of a Claim by the Architect shall be final and binding on the parties subject to mediation or arbitration.

1023 (2006). Arbitrators would exceed their powers if they "considered an issue not submitted to him by the parties, or exceeded the bounds of the contract between the parties." *Bingham County Com'n v. Interstate Elec. Co., a Div. of the L.E. Myers Co*., 105 Idaho 36, 42, 665 P.2d 1046, 1052 (1983). The Contractor has not pointed to anything in the arbitration award that indicates the arbitrators decided issues not submitted to them for arbitration.

As stated above, the contract required that any claim first be submitted to the architect. A claim submitted to the architect was "subject to arbitration" only after either a decision by the architect or the expiration of thirty days after it had been submitted to the architect.[6] Obviously, unknown claims could not be submitted to the architect and, under the parties' agreement, were therefore not "subject to arbitration." Consequently, the prior arbitration proceedings could not have resolved claims, as defined in the contract, that were unknown or that had not been submitted to arbitration. *See Gumprecht v. Doyle*, 128 Idaho 242, 912 P.2d 610 (1995) (a cause of action not covered by an arbitration agreement cannot be barred by a decision in the arbitration).

The parties' contract provided that the arbitration "shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect." Those rules permitted the filing of a counterclaim. There is no contention that the applicable Arbitration Rules or the parties' contract contained a provision requiring a compulsory counterclaim as does Rule 13(a) of the Idaho Rules of Civil Procedure. In the prior arbitration, the Trustee and Wilson did allege various counterclaims, including a claim that the Contractor had "breached the Construction Contract by performing substandard and defective work." Because a party demanding arbitration must assert "all Claims then known to that party on which arbitration is permitted or demanded," a counterclaim need only assert, at most, all counterclaims then known to that party on which arbitration is permitted. There is no basis for asserting that the counterclaim in the arbitration proceeding must also include claims then unknown to the party asserting the counterclaim.

On March 10, 2008, the district court entered a document entitled, "Order Confirming Arbitration Award." Idaho Code § 7-911 provides, "Upon application of a party, the court shall

---

[6] Paragraph 4.6.1 of the parties' agreement provided, insofar as is relevant, "Any Claim arising out of or related to the Contract . . . shall, after decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to arbitration."

confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award." Because no timely proceedings had been brought to vacate, modify, or correct the arbitration award, the district court was required to enter an order confirming it, even though all sums owing under the award had been paid. *Wolfe v. Farm Bur. Ins. Co.*, 128 Idaho 398, 402, 913 P.2d 1168, 1172 (1996).

Idaho Code § 7-914 provides, "Upon the granting of an order confirming . . . an award, judgment or decree shall be entered in conformity therewith." In this case, although the district court entitled the document as an order confirming the arbitration award, the document was worded in the form of a judgment. It stated that "the Court does now ORDER, ADJUDGE and DECREE as follows: 1) The 'Final Award' rendered in American Arbitration Association Cause No. 77 Y 110 00066 and dated the 27th day of January, 2004, shall be and it hereby is confirmed in all respects pursuant to I.C. 7-911."

The wording "order, adjudge, and decree" is typically used in judgments. For example, in *Monroe v. Chapman*, 105 Idaho 269, 270, 668 P.2d 1000, 1001 (1983), we wrote, "The Industrial Commission filed an order which adjudged and decreed that the Industrial Commission does not have the authority to entertain a class action type proceeding." In a footnote to that statement, we said, "In substance, the order of the Industrial Commission which 'ORDERED, ADJUDGED and DECREED that the Industrial Commission does not have authority to entertain a Class Action type proceeding' functioned as a dismissal on jurisdictional grounds and therefore was a final order of the Industrial Commission properly appealable to this Court." *Id*. n.1. In *Keller v. Rogstad*, 112 Idaho 484, 486-87, 733 P.2d 705, 707-08 (1987), we stated that the trial court "entered judgment in Bonner County Case No. 11971 wherein he ordered, adjudged and decreed" title to property. In *Albrethsen v. Wood River Land Co.*, 40 Idaho 49, 57, 231 P. 418, 421 (1924), we ordered that "the cause is reversed and remanded, with instructions to the trial court to set aside its judgment heretofore made and entered in said cause, and to adjudge and decree" that water rights had been abandoned.

Assuming that the district court combined an order confirming the arbitration award and a judgment in one document, such "judgment" would not bar additional claims under the parties' contract. A judgment entered on an arbitration award "is entitled to be treated in all respects as any other judgment." *Western Indus. and Envtl. Servs., Inc. v. Kaldveer Assocs., Inc.*, 126 Idaho 541, 544, 887 P.2d 1048, 1051 (1994). Assuming that the "Order Confirming Arbitration

Award" was a judgment, it would only be a judgment regarding the issues that had been arbitrated. The district court only confirmed the arbitration award actually made—"[t]he 'Final Award' rendered in American Arbitration Association Cause No. 77 Y 110 00066 and dated the 27th day of January, 2004." That judgment could not apply to claims between the parties, as defined in their contract, that had not yet been submitted to arbitration. Thus, the judgment would be res judicata only to those claims actually decided in the arbitration.

The Contractor contends that we should apply a transactional view towards determining the claims barred by the prior arbitration in this case. It relies upon our statement in *Ticor Title Co. v. Stanion*, 144 Idaho 119, 126, 157 P.3d 613, 620 (2007) (citations omitted), wherein we stated:

> Claim preclusion bars adjudication not only on the matters offered and received to defeat the claim, but also as to "every matter which might and should have been litigated in the first suit." In other words, when a valid, final judgment is rendered in a proceeding, it "extinguishes all claims arising out of the same transaction or series of transactions out of which the cause of action arose." This Court has noted that the "transactional concept of a claim is broad" and that claim preclusion "may apply even where there is not a substantial overlap between the theories advanced in support of a claim, or in the evidence relating to those theories."

According to the Contractor, the counterclaim in the prior arbitration alleged "substandard and defective work" and the November 2007 demand for arbitration "seeks another arbitration based on the same claim – 'substandard and defective work.' Hanks' claim of 'substandard and defective work' in both instances arises from the same transaction - entering and performance of the construction contract."

We need not decide how the transactional approach to res judicata would apply to the facts of this case, had the first arbitration been a lawsuit rather than an arbitration. The parties' contract provides that "[t]he award rendered by the arbitrator or arbitrators shall be final." The award rendered by the arbitrators is their decision on the issues submitted to them for decision. It would not include claims, as defined in the contract, not submitted to them for decision.

The Contractor also argues that the transactional approach to res judicata should apply in this case because the parties' contract states that it "shall be governed by the law of the place where the Project is located." The Contractor has not pointed to any provision of Idaho law that either requires application of the transactional approach when determining the preclusive effect

12

of an arbitration award or prohibits the parties from determining in their contract what issues are to be decided in the arbitration and the preclusive effect of any arbitration award.

The Contractor asserts that all claims alleged in the 2007 demand for arbitration must be barred unless the Trustee can show that she acted with due diligence to discover the alleged latent defects prior to the 2003 arbitration. The parties did not require that in their contract. As stated above, the contract provided, "The party filing a notice of demand for arbitration must assert in the demand all Claims *then known to that party* on which arbitration is permitted to be demanded." (Emphasis added.) The contract did not require the party to make a diligent investigation to discover claims, nor does it provide that arbitration of known claims bars arbitration of unknown claims that reasonably should have been discovered.

The Contractor argues that the Trustee's claims in the 2007 demand for arbitration should be deemed barred because there is a strong public policy that disfavors relitigation of claims. It is for the arbitrators to decide whether the claims alleged in the demand for arbitration were arbitrated in the first arbitration.

The Contractor also argues that the Trustee's claims of newly discovered construction defects are not supported by evidence in the record. That argument is irrelevant. Idaho Code § 7-902(e) provides, "An order for arbitration shall not be refused on the ground that the claim in issue lacks merit or bona fides or because any fault or grounds for the claim sought to be arbitrated have not been shown."

For the above reasons, we reverse the order of the district court holding that the claims alleged in the Trustee's 2007 demand for arbitration are barred by res judicata. Whether any of those claims were actually decided adversely to the Trustee in the prior arbitration is a matter for the arbitrators to decide.

The Contractor seeks an award of attorney fees on appeal pursuant to Idaho Code § 12-120(3). That statute only permits the awarding of attorney fees to the prevailing party, and the Contractor was not the prevailing party on appeal. The Trustee and Beneficiaries did not request an award of attorney fees on appeal.

## IV. CONCLUSION

We reverse the order of the district court holding that the claims alleged in the Trustee's demand for arbitration filed on November 7, 2007, are barred by res judicata and the order

13

permanently staying those arbitration proceedings. On remand, the court shall order the parties to proceed to arbitration. We award costs on appeal to the Appellants.

Justices BURDICK, J. JONES, W. JONES and HORTON **CONCUR**.

**On Denial of Petition for Rehearing, December 31, 2009**

Chief Justice EISMANN,

Contractor has filed a petition for rehearing asking that this Court remand this case for further proceedings in the district court on the ground that there are contractual defenses to arbitration that should be decided by the district court. The parties agreed to arbitrate claims arising out of or related to their contract, if certain procedural steps have been taken timely.[7]

---

[7] The arbitration clause in the parties' contract provided as follows:
  4.6 ARBITRATION
  4.6.1  Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and those waived as provided in Subparagraphs 4.3.10, 9.10.4 and 9.10.5, shall after decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to arbitration.
  4.6.2  Claims shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect. The demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association, and a copy shall be filed with the Architect.
  4.6.3  A demand for arbitration shall be made within the time limits specified in Subparagraphs 4.4.6 and 4.6.1 as applicable, and in other cases within a reasonable time after the Claim has arisen, and in no event shall it be made after the date when institution of legal or equitable proceedings based on such Claim would be barred by the applicable statute of limitations as determined pursuant to Paragraph 13.7.
  4.6.4  [Deleted]
  4.6.5  Claims and Timely Assertion of Claims. The party filing a notice of demand for arbitration must assert in the demand all Claims then known to that party on which arbitration is permitted to be demanded.
  4.6.6  Judgment on Final Award. The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

14

Contractor contends that their contract "sets forth the steps that must be taken before a claim ripens into an arbitrable dispute," and that the district court, not arbitrators, should decide whether those steps were taken.

"Arbitrability is a question of law to be decided by the court." *Mason v. State Farm Mut. Auto. Ins. Co*., 145 Idaho 197, 200, 177 P.3d 944, 947 (2007). However, courts, including this Court, have limited the scope of the question of arbitrability. The vast majority have held that issues of procedural arbitrability, such as whether conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide. As the United States Supreme Court explained in *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84-85 (2002):

> Thus " 'procedural' questions which grow out of the dispute and bear on its final disposition" are presumptively *not* for the judge, but for an arbitrator, to decide. *John Wiley, supra,* at 557, 84 S.Ct. 909 (holding that an arbitrator should decide whether the first two steps of a grievance procedure were completed, where these steps are prerequisites to arbitration). So, too, the presumption is that the arbitrator should decide "allegation[s] of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Memorial Hospital, supra,* at 24-25, 103 S.Ct. 927. Indeed, the Revised Uniform Arbitration Act of 2000 (RUAA), seeking to "incorporate the holdings of the vast majority of state courts and the law that has developed under the [Federal Arbitration Act]," states that an "arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled." RUAA § 6(c), and comment 2, 7 U.L.A. 12-13 (Supp.2002). And the comments add that "in the absence of an agreement to the contrary, issues of substantive arbitrability . . . are for a court to decide and issues of procedural arbitrability, *i.e.,* whether prerequisites such as *time limits,* notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide." *Id.,* § 6, comment 2, 7 U.L.A., at 13 (emphasis added).

Although this Court has not addressed whether issues of procedural arbitrability, such as a condition precedent, should be decided by the arbitrators or the court, having the arbitrators decide it would be consistent with our precedents.

"This Court has recognized a strong public policy which favors arbitration. Agreements to arbitrate are encouraged and given explicit recognition as effective means to resolve disputed issues." *Mason v. State Farm Mut. Auto. Ins. Co*., 145 Idaho 197, 201, 177 P.3d 944, 948 (2007) (citations omitted). In *International Association of Firefighters, Local No. 672 v. City of Boise*

15

*City*, 136 Idaho 162, 168, 30 P.3d 940, 946 (2001), this Court wrote, "A court reviewing an arbitration clause will order arbitration unless 'it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.' Doubts are to be 'resolved in favor of coverage.'" In *Firefighters*, we held that whether the particular issue was arbitrable was to be determined by the arbitrators where the parties had agreed to arbitrate grievances, which were defined as involving the interpretation or application of their labor agreement, and "it cannot be said with 'positive assurance' that the . . . dispute does not 'concern' the 'application and interpretation' of [the labor agreement]." 136 Idaho at 169, 30 P.3d at 947.

Whether the Trustee has complied with contract procedures that are conditions precedent to the arbitration of particular issues is to be determined by the arbitrators. We therefore deny the petition for rehearing.

Justices BURDICK, J. JONES, W. JONES and HORTON **CONCUR**.